O

# United States District Court
# Central District of California

| | |
|---|---|
| JOSE ALBA, | Case № 2:15-CV-06059-ODW (AGRx) |
| Plaintiff-Appellee, | |
| v. | **ORDER DENYING REQUEST TO REMAND** |
| XPO CARTAGE, INC., | |
| Defendant-Appellant. | |

On July 10, 2015, Defendant-Appellant XPO Cartage, Inc. appealed from a decision of the California Labor Commission to the Los Angeles Superior Court pursuant to California Labor Code section 98.2. (ECF No. 1–3.) On August 10, 2015, XPO removed the case to federal court based on diversity jurisdiction. (ECF No. 1.) Because XPO both initiated the action in state court and removed the case to federal court, the Court ordered XPO and Plaintiff-Appellant Jose Alba to brief the issue whether XPO's removal was proper. (ECF No. 11.)  On September 30, 2015, both parties submitted timely briefs. (ECF Nos. 12, 13.) Alba argued that XPO improperly removed the action because XPO was the party that first requested judicial intervention, and therefore was the "plaintiff" for purposes of removal. XPO argued that removal was proper because Alba initiated the Labor Commission proceeding, and thus was the "plaintiff" for the purposes of removal. While the Court agrees with

Alba, the Court has since determined that it lacks the authority to remand the action.

Under 28 U.S.C. § 1441(a), only a defendant may remove a case from a state court to a federal court. This procedural requirement exists to ensure that both the plaintiff and the defendant have the opportunity to select federal court where federal jurisdiction exists. *See Oppenheimer & Co. v. Neidhardt*, 56 F.3d 352, 356 (2d Cir. 1995) ("[F]or the purposes of removal of arbitration questions, the plaintiff is the party who first invokes the aid of a court."); *Range Oil Supply Co. v. Chicago, R.I. & P.R. Co.*, 248 F.2d 477, 479 (8th Cir. 1957) (finding that the party who appealed an administrative decision was the aggressor in the civil case, and therefore the non-appealing party was the defendant and could remove the case to federal court). In the present case, XPO was the party that first invoked the aid of a judicial forum by appealing—to state court—an administrative decision awarding damages to Alba. (ECF No. 1–3.) Thus, XPO is the plaintiff for the purposes of the removal statute, and therefore could not remove the case to federal court. XPO's opportunity to choose federal court occurred when it filed the action; it does not get two chances to select federal court.

Despite this obviously improper removal, the Court has determined that it lacks the power to remand this case. The Court has no authority to *sua sponte* remand an action for procedural defects in removal. *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1191 (9th Cir. 2003). Moreover, a request to remand the case must be made within thirty days of removal. 28 U.S.C. § 1447(c); *see N. Cal. Dist. Council of Laborers v. Pittsburg–Des Moines Steel Co.*, 69 F.3d 1034 (9th Cir. 1995) (noting that "the critical date is not when a motion to remand is filed, but when the moving party asserts a procedural defect as a basis for remand" and holding that "§ 1447(c) prohibits a defect in removal procedure from being raised later than 30 days after the filing of the notice of removal"). Here, Alba first asserted a procedural defect in removal in its September 30 brief, which was filed fifty days

after removal. It is thus untimely.[1] As a result, the Court has no option but to retain jurisdiction over the action.

**IT IS SO ORDERED.**

October 27, 2015

_____
                **OTIS D. WRIGHT, II**
      **UNITED STATES DISTRICT JUDGE**

---

[1] Even if the Court interpreted its request for briefing as a request for remand under § 1447(c), that request was made thirty-eight days after removal. (ECF No. 11.)